UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| AYANNA CREW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: |
| | ) |
| AMERICAN LANDMARK | ) |
| MANAGEMENT, LLC, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, AYANNA CREW ("Plaintiff" or "Crew") files their Complaint against the Defendant, AMERICAN LANDMARK MANAGEMENT, LLC, ("Defendant" or "American Landmark"), and states the following:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages, injunctive relief, and other equitable relief brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. ("Title VII"), as applicable. Plaintiff alleges that Defendant engaged in unlawful employment practices based on sex, in violation of the aforementioned laws. These actions include, but are not limited to, discrimination, retaliation, and harassment.

**JURISDICTION**

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) as this action involves federal questions regarding the deprivation of Plaintiff's rights

under Title VII.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events, or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein, occurred in this District.

## THE PARTIES

4. Plaintiff, Crew, is a citizen of the United States was at all times material a resident of Charlotte, North Carolina and worked for Defendant within this district.

5. Defendant, American Landmark, is a For-Profit Corporation that operates in Charlotte, North Carolina within this district.

6. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

7. Plaintiff has complied with all statutory prerequisites to filing this action.

8. On August 22, 2024, Plaintiff filed a timely claim with the Equal Employment Opportunity Commission ("EEOC"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e5(b)and (e), based on sex discrimination and retaliation.

9. Plaintiff's EEOC charge was filed within one hundred eighty (180) days after the allegedunlawful employment practices occurred.

10. On June 2, 2025, the EEOC issued a Determination of Charge and Notice of Right to Sue.

11. This complaint was filed within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## FACTUAL ALLEGATIONS

12. Plaintiff is a female.

13. Plaintiff was employed by American Landmark Management, LLC ("American Landmark"), where she was subjected to severe and pervasive sexual harassment leading to her separation from employment.

14. Miesha Stevenson, a Leasing Agent, made inappropriate sexual remarks to Plaintiff, including but not limited to statements suggesting a maintenance worker had Plaintiff "bent over the countertop," and discussed her own sexually transmitted diseases.

15. Plaintiff expressed discomfort and requested that Ms. Stevenson refrain from discussing sexual activities in the workplace; however, Ms. Stevenson refused to stop.

16. In addition, Paige Sibby, Property Manager, frequently stared at Plaintiff's breasts and made comments such as, "You are small, but you have them things on yourself."

17. Ms. Sibby also shared details of her sexual history, including remarks about her sexual partner's genitalia.

18. Plaintiff escalated her concerns about this conduct to Jennifer Hendrix, Regional Manager, but American Landmark failed to conduct any investigation or take remedial action.

19. The sexual harassment was severe and pervasive sexual harassment and American Landmark failed to take remedial action despite Plaitniff raising concenrs.

20. As a result, Plaintiff was left with no choice but to separate from American Landmark and her employment was constructively terminated.

21. Plaintiff alleges that American Landmark's actions constitute violations of Title VII of the Civil Rights Act of 1964.

### **Count I: Sex Based Discrimination in Violation of Title VII**

22. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-21, above.

23. At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of Title VII.

24. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of their sex, female.

25. Defendant is prohibited under Title VII from discriminating against Plaintiff because of their sex with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

26. Defendant violated Title VII by constructively discharging and discriminating against Plaintiff based on their sex.

27. Defendant intentionally discriminated against Plaintiff on the basis of their sex.

28. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

29. Defendant's unlawful conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

### Count II: Sexual Harassment in Violation of Title VII

30. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in

Paragraphs 1-21, above.

31. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of their sex, female.

32. Defendant's sexually harassing actions and comments were so frequent and severe that it created a hostile work environment.

33. The hostile work environment was objectively and subjectively offensive.

34. Defendant's sexually harassing actions and comments were based on Plaintiff's sex, female.

35. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

36. Defendant's unlawful conduct in violation of title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

### Count III: Retaliation in Violation of VII

37. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-21, above.

38. Plaintiff engaged in protected activity under Title VII while employed by Defendant.

39. Defendant intentionally retaliated against Plaintiff for engaging in protected activity.

5

40. Defendant's conduct violated Title VII.

41. Defendant's discriminatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which Plaintiff is entitled to damages.

42. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling them to compensatory damages.

43. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling them to punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff their costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:
**/s/ Gary Martoccio**
Gary Martoccio, Esq.
{North Carolina Bar No. 54125}
**Martoccio Law Group**
2101 W. Platt St. Suite 200
Tampa, Florida 33606

T: (813) 725-3279
gary@martocciofirm.com
*Counsel for Plaintiff*